AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
5947 Garlow Road, Niagara Falls, New York 14304

Case No. 16-M-1039 JJM

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe property to be searched and give its location)*: 5947 Garlow Road, Niagara Falls, New York 14304, which is more fully described and pictured in Attachment A2 which is attached hereto and incorporated by reference herein.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: Evidence pertaining to violations of Title 16, U.S.C. §§ 668(a), 703(a), 3371 et seq., and Title 18, U.S.C. § 371, as more fully set forth in Attachment B2 which is attached hereto and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 16 U.S.C. § 668(a), 703(a), 3371 et seq. 18 USC 371, and the application is based on these facts: SEE AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Randy W. Cottrell, Special Agent, USFWS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/29/16

[signature]
*Judge's signature*

City and state: Buffalo, New York

JEREMIAH J. MCCARTHY, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Randy W. Cottrell, being duly sworn, depose and say:

1. I am employed as a Special Agent (SA) with the Department of the Interior, U.S. Fish and Wildlife Service (USFWS), Office of Law Enforcement. I am presently assigned to the Harrisburg, Pennsylvania field office of the USFWS and my area of coverage includes the Middle and Western Districts of Pennsylvania but my casework routinely takes me to several neighboring Districts. I have been a federal law enforcement officer for nineteen years. I have been a Special Agent with the USFWS for fourteen years, prior to that I was an agent with the U.S. Immigration and Naturalization Service for five years. I am a graduate of the Criminal Investigator School and USFWS Special Agent Basic School at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. During the last fourteen years I have conducted and assisted in numerous criminal investigations that have involved persons and businesses illegally commercializing in protected wildlife. I have read, studied, and received training on the laws and regulations enforced by the USFWS, such as the Bald and Golden Eagle Protection Act (BGEPA), 16 U.S.C. § 668 *et seq.;* the Migratory Bird Treaty Act (MBTA), 16 U.S.C. § 703 *et seq.;* the Lacey Act Amendments of 1981, 16 U.S.C. § 3371 *et seq.;* and 18 U.S.C. § 371. The following information has been obtained by me personally or has been provided to me by Investigators of the Pennsylvania Game Commission and Inspectors of the U.S. Postal Inspection Service (USPIS).

3. I make this affidavit in support of an application for warrants to search the following two residences: (1) 6360 Transit Road, Depew, New York 14043, which is more fully described in **Attachment A1**, and (2) 5947 Garlow Road, Niagara Falls, New York 14304, which is more fully described in **Attachment A2**, both of which are located in the Western District of New York (hereinafter, collectively, "SUBJECT PREMISES").

4. As set forth in more detail below, I submit there is probable cause to believe that evidence, contraband, fruits and instrumentalities of violations of Title 16, United States Code, Sections 668(a) [unlawful purchase or barter of bald eagles], 703(a) [unlawful purchase or barter of migratory birds], 3372(a)(1) [receive, acquire or purchase wildlife which was unlawfully sold in violation of federal law], and Title 18, United States Code, Section 371 [conspiracy], (hereinafter, collectively, "Target Offenses"), are located within the SUBJECT PREMISES.

5. The statements contained in this affidavit are based on my involvement in this investigation, as well as information provided to me by other law enforcement officers involved in this investigation, and upon my training and experience. Because this affidavit is being submitted for the limited purpose of seeking a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of the Target Offenses, exists at the SUBJECT PREMISES.

## I. RELEVANT STATUTES AND REGULATIONS

6. Title 16, United States Code, Section 668(a), the Bald and Golden Eagle Protection Act, provides, in pertinent part, "no person without a permit shall knowingly, or with wanton disregard for the consequences of his act, purchase, barter, offer to purchase or barter, transport any bald eagle, alive or dead or any of its parts…." A review of USFWS records indicate that no person subject to this investigation has ever been issued a permit to engage in any act which is otherwise prohibited.

7. Title 16, United States Code, Section 703(a), the Migratory Bird Treaty Act, provides, in pertinent part, "no person without a permit shall possess, barter, purchase, offer to barter or purchase, cause to be shipped or transported any migratory bird or parts thereof…." Regulations set forth under Title 50, Code of Federal Regulations, Section 10.13, provide a list of migratory birds subject to this Act. All of the species involved in this investigation are included in that list. A review of USFWS records indicate that no person subject to this investigation has ever been issued a permit to engage in any act which is otherwise prohibited.

8. Title 16, United States Code, Section 3372(a)(1), the Lacey Act, provides, in pertinent part, that "it is unlawful for any person to import, export, transport, sell, receive, acquire, or purchase, any fish, wildlife, or plant, taken possessed, transported or sold, in violation of any law, treaty, or regulation of the United States…."

## II. INVESTIGATION AND FACTUAL BASIS

9. On June 20, 2015, a covert investigator with the Pennsylvania Game Commission (PGC) and I attended the Forksville Powwow, located in Forksville, Pennsylvania. Therein we made contact with an individual we identified as Daniel Strachan. Strachan is a powwow vendor who had come to our attention the previous day when the PGC Investigator was informed by another target of this investigation that Strachan was someone who would be interested in purchasing migratory bird parts. Upon making contact with Strachan, Strachan called the PGC Investigator by his first name and told us that he and the other target had spoken prior to our arrival. Strachan asked what we had brought with us for sale. The PGC Investigator responded that we had parts from various migratory birds, to include great blue heron, American crow, various hawks, owls, and an osprey. Strachan stated he had enough hawk and owl parts and asked if we had any eagle parts. We told Strachan that we had some bald eagle tail feathers. Strachan stated he would be interested in two eagle tail feathers and would like to see what all we had brought. Strachan was told that all of the items mentioned were in a cooler in the officers truck and that we were not going to bring them down into the powwow indicating to Strachan that we were not comfortable bringing them into a public environment due to the nature of the items. Strachan stated he understood and would view them at the truck later.

10. A few minutes later, the PGC Investigator and I returned to Strachan's vendor booth and Strachan accompanied us to the parking lot. At the PGC Investigator's truck we produced a large cooler which contained various migratory birds and their parts.

Strachan went through the items and selected a whole great blue heron carcass, a sharp-shinned hawk tail fan, and five (5) bald eagle tail feathers. The price of $130.00 was negotiated for the items and Strachan paid the PGC Investigator that amount in cash. Strachan mentioned that the heron would be going to an Oneida tribal chief. Strachan placed the heron and tail fan in a large garbage bag he had brought with him and placed the eagle feathers in a paper bag with a significant length of them exposed for public view. We commented that Strachan better cover the feathers up so no one saw them. Strachan stated he could lawfully possess eagle feathers because he had a "card." The card Strachan refers to is a document issued through the Bureau of Indian Affairs which indicates that the bearer is a member of a Federally recognized Indian tribe. Among other benefits, the document identifies the bearer as one who is authorized to possess and transport lawfully obtained migratory bird parts for religious purposes. The document does not allow for the circumvention of the statutes cited in this affidavit, which prohibit the purchase, sale, or bartering of migratory birds and their parts and the transportation and carriage of unlawfully obtained migratory birds and their parts. On the way back to the powwow Strachan told me he was also interested in a pair of eagle talons if I could get some.

11. Later that afternoon, the PGC Investigator again approached Strachan and told him that we had eagle talons. The two negotiated a deal wherein the PGC Investigator would give back the $130.00 that Strachan had paid for the birds and mail Strachan a pair of bald eagle talons in return for an expensive fur hat that Strachan was selling.

12. On June 22, 2015, the PGC Investigator mailed a pair of bald eagle talons, which had been marked for future identification with iridescent micro dots, to Strachan from a post office in East York, Pennsylvania. The envelope was addressed to Strachan with the address that he had provided to the officers, 6360 Transit Rd., Depew, New York 14043. Tracking number EK364203429 was assigned to the parcel. The PGC Investigator sent a text message to Strachan after mailing the parcel letting Strachan know that the talons were in route. This text message was sent to phone number (716) 536-7183, the number provided by Strachan. Strachan responded by text message a short time later acknowledging the message and stated that the great blue heron had gone to a Sundance chief.

13. On June 23, 2015, the PGC Investigator texted Strachan inquiring whether the parcel containing the eagle talons had arrived. Strachan texted back that the talons had arrived and that they were beautiful. The PGC Investigator queried the U.S. Postal Service parcel tracking database and confirmed that the parcel had been delivered at 10:41 a.m. on that date, signed for by Daniel Strachan.

14. On July 15, 2015, the PGC Investigator received an unsolicited text message from Strachan. Strachan told the Investigator to call his friend "Gilbert" (subsequently identified as Gilbert Lamarr) at phone number (716) 201-2009. Strachan stated that "Gilbert" was interested in eagle feathers. Strachan invited the PGC Investigator to a

powwow on the Seneca Indian Reservation where he said the PGC Investigator could sell whatever he wanted as long as he was quiet about it.

15. On July 15, 2015, at approximately 11:47 a.m., the PGC Investigator called Lamarr at the phone number provided. A male subject who identified himself as Lamarr answered the phone and the PGC Investigator stated that Strachan had instructed him to call. The PGC Investigator asked Lamarr what he was looking for. Lamarr told the Investigator he wanted to buy fourteen (14) bald eagle tail feathers and two (2) whole bald eagle wings.

16. Through several text messages between the PGC Investigator and Lamarr during the time period of July 16, 2015, to July 19, 2015, it was determined that Lamarr would purchase two (2) whole bald eagle wings and eight (8) bald eagle tail feathers for $260.00. During those messages the PGC Investigator sent Lamarr photos of the eagle parts and discussion took place regarding the illegality of possessing eagle parts. The PGC Investigator explained to Lamarr that it was illegal for him (the Investigator) to possess the eagle parts. Lamarr frequently referred to the eagle parts as "cookies" during these communications in an apparent attempt to conceal the nature of the transaction. Lamarr provided his complete name and mailing address, 5947 Garlow Road, Niagara Falls, New York 14304. Lamarr indicated his intent to fashion the feathers into a crown.

17. On July 20, 2015, the parcel containing the eagle wings and feathers was placed into the U.S. Postal Service database at the Lemoyne, Pennsylvania Post Office and was shipped to USPIS Inspector Jeffrey Maul by a Harrisburg, Pennsylvania based USPIS Inspector.

18. On July 23, 2015, the parcel containing the eagle wings and feathers was delivered to Lamarr via controlled delivery by USPIS Inspector Maul at the address provided by Lamarr. Lamarr took receipt of the parcel personally and provided his Bureau of Indian Affairs identification card to Inspector Maul as verification of identity. Lamarr also signed U.S. Postal Service Delivery Notice/Reminder/Receipt (Form PS3849) number 5293049360542235, acknowledging receipt of the parcel.

19. On July 24, 2015, Lamarr acknowledged by text message that he had received the eagle parts and stated that he would be sending payment in the form of a money order later that same day. Lamarr further stated he would be interested in more eagle feathers in the future.

20. On July 31, 2015, the PGC Investigator received a money order from Lamarr in the amount of $260.00.

21. On February 22, 2016, the PGC Investigator once again contacted Strachan via text message at cell phone number (716) 536-7183. He inquired whether Strachan

would be interested in purchasing additional migratory bird parts to include eagle parts. Within a few minutes Strachan replied and showed interest. The two negotiated the sale of a whole bald eagle (minus its head and one talon), a whole great horned owl and two (2) whole Eastern screech owls. The total price of $125.00 was agreed upon and Strachan was to mail a money order to the PGC Investigator after receiving the birds. Contained in the text message string was a statement by Strachan that one or more of the items would be going to someone else. Strachan provided his mailing address as 6360 Transit Road, Depew, New York 14043, and the business name "Nativeleathers."

22. On February 23, 2016, the PGC Investigator mailed the eagle and owls to Strachan, which had been marked for future identification with iridescent micro dots, from Etters, Pennsylvania via UPS. The shipment was assigned tracking number 1Z2599700357452398. The parcel was due for delivery on February 25, 2016, according to UPS. UPS records reveal the package was delivered on February 25, 2016 and was signed for by Strachan.

23. On February 22, 2016, the PGC Investigator once again contacted Lamarr via text message at cell phone number (716) 201-2009. He inquired whether Lamarr would be interested in purchasing additional eagle parts. Within a few minutes Lamarr replied and showed interest in purchasing white bald eagle tail feathers and a whole bald eagle, minus the head. The PGC Investigator sent pictures of three (3) white bald eagle tail feathers and the whole bald eagle carcass. The total price of $125.00 was agreed upon and Lamarr was

to mail a money order to the PGC Investigator after receiving the bird parts. During the course of the text message conversation, Lamarr again referred to the eagle parts as "cookies" in an apparent attempt to conceal the nature of the transaction. The PGC Investigator confirmed that this shipment of eagle parts was going to the same mailing address as before, 5947 Garlow Road, Niagara Falls, New York 14304.

24. On February 23, 2016, the PGC Investigator mailed the eagle parts to Lamarr, which had been marked for future identification with iridescent micro dots, from Etters, Pennsylvania via UPS. The shipment was assigned tracking number 1Z2599700324118141. The parcel was due for delivery on February 25, 2016 according to UPS. UPS records reveal the package was delivered on February 25, 2016, and left at the front door. Earlier in the day I overheard a phone call received by the PGC Investigator from Lamarr wherein Lamarr was checking on the status of the delivery. The PGC Investigator stated that the UPS tracking database said it was out for delivery to his residence. Lamarr was pleased to hear this and expressed his excitement about receiving the parcel. On February 25, 2016, at 5:58 p.m., Lamarr replied that he had received the parcel but had not looked at the contents yet. This was in response to an earlier text message sent by the PGC Investigator inquiring as to whether he had received the parcel.

25. Based on my training and experience, I am aware that the items to be searched for, specifically wildlife, are often times found in garages, storage buildings, and/or various other outbuildings. This is because wildlife items often have an unpleasant

odor to them, and the use of chemical desiccants during the drying process often makes the storage of these items not fit for residential storage. In addition, individuals involved in the wildlife trade often store their wildlife parts separate from perishable foods, which often occur in secondary freezers outside the living area.

## III. THE PLACE TO BE SEARCHED AND ITEMS TO BE SEIZED

26. Based on the foregoing, I submit there is probable cause to believe that at: (1) 6360 Transit Road, Depew, New York 14043, which is more fully described in **Attachment A1**, and (2) 5947 Garlow Road, Niagara Falls, New York 14304, which is more fully described in **Attachment A2**, there is located evidence, fruits and/or instrumentalities of the violations specified in this affidavit.

27. Based on the foregoing, I submit there is probable cause to believe that at the above location the items set out in **Attachment B1** and **B2** will be located, whether such items are stored in physical, documentary, or electronic form. Should any cellular telephones or smartphones be seized which are subject to this investigation, it is my intent to apply for a separate search warrant to examine the evidence contained therein.

28. In addition, it is and has been the standard and ordinary practice of USFWS that during the execution of search warrants, Special Agents take entry and exit photographs of the premises to be searched, as well as photographs of the specific places in which items are found and from which items are seized. The purpose of this procedure is to preserve an

accurate record of the condition and appearance of the premises upon the arrival and exit of the search team, and to preserve an accurate record of the locations within the premises where items are found and from which such items are seized.

## V. CONCLUSION

29. Based upon the above information, I submit that probable cause exists to believe there have been violations of the Target Offenses and that there is probable cause to believe that at: (1) 6360 Transit Road, Depew, New York 14043, which is more fully described in **Attachment A1**, and (2) 5947 Garlow Road, Niagara Falls, New York 14304, which is more fully described in **Attachment A2**, there is located those items set out in **Attachment B1** and **B2**.

30. In consideration of the foregoing, I respectfully request that this Court issue search warrants for the premises known as: (1) 6360 Transit Road, Depew, New York 14043, which is more fully described in **Attachment A1**, and (2) 5947 Garlow Road, Niagara Falls, New York 14304, which is more fully described in **Attachment A2**, authorizing the search for the items described in **Attachments B1** and **B2**.

31. Finally, since this affidavit relates to an ongoing criminal investigation and contains the names of individuals who are witnesses and/or targets in this matter, the government respectfully moves this Court to issue an Order sealing, for 60 days unless the Court orders otherwise, all papers submitted in support of this Application, including the

Application, Affidavit, and Search Warrant, and the required inventory notice (with the exception of one copy of the warrant and the inventory notice that will be left at the premises to be searched).

Randy W. Cottrell, Special Agent
U.S. Fish and Wildlife Service

Sworn to before me this 29th day of
February, 2016

HON. JEREMIAH J. MCCARTHY
United States Magistrate Judge

**ATTACHMENT A2**
**Premises to be Searched**

The property is further described as the residence of Gilbert Lamarr, and all curtilage and outbuildings associated with 5947 Garlow Road, Niagara Falls, New York 14304. The residence is located within the Town of Lewiston, County of Niagara, State of New York. The residence is a two story residence located on the east side of Garlow Road, with the front of the residence facing north toward Stoltz Road. The residence is situated on the corner of Garlow and Stoltz Roads. The driveway exits on to Stoltz Road while the mailbox bearing the address "5947" is on Garlow Road. The residence has a light green façade with a visible door facing east toward a detached garage of the same color. The property address "5947" is visible on the corner of the house facing Garlow Road.






United States · NY · Niagara Co. · Lewiston
Stoltz Rd
Stoltz Rd
5947 Garlow Rd, Niagara
Falls, NY 14304
Feedback
Tips
Leave Preview

**ATTACHMENT B2**
**The Items to be Searched**

The items to be searched for and seized at the location listed in Attachment A1, whether in physical, documentary, or electronic form, that pertain to violations of Title 16, United States Code, Sections 668(a) *et seq.*, 703(a) *et seq.*, and 3371 *et seq.*, and Title 18, United States Code, Section 371, to include:

1. Records, information, receipts, packaging material, and photographs relating to the unlawful possession, purchase, sale, barter, transportation, shipment or receipt of migratory birds or their parts and products protected under Federal or State laws;

2. Migratory birds, their parts, and products which are unlawfully possessed, purchased, sold, bartered, transported, shipped, or received in violation of Federal or State laws.

3. The cellular telephone or other communication device associated with telephone number (716) 201-2009, including

a. charging apparatus associated with the communication device.

b. external storage medium associated with the communication device.

c. passwords or passkeys.